Tomás Carro, Petitioner, v. Sergio Cuevas Bustamante, Commissioner of the Interior, et al., Defendants.

No. 31. Argued November 18, 1943.—Decided November 29, 1943.

*Celestino Iriarte, F. Fernández Cuyar*, and *H. González Blanes* for petitioner. *M. Rodríguez Ramos, Acting Attorney General*, and *Fernando B. Fornaris, Assistant Attorney General*, for defendants.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The petitioner has applied to us for the issuance of a writ of injunction, in aid of our appellate jurisdiction, to restrain the defendants and their subordinates from proceeding further with the construction work on the bridge over the Río Grande de Añasco "for account of the petitioner and without a prior liquidation of the work done and of the materials gathered by the contractor" (the petitioner), such a prohibition not to apply to the continuation of the work for account of the Government of Puerto Rico. The petitioner in short alleges that in July 1940, he entered into a contract with the People of Puerto Rico, represented by the Commissioner of the Interior, for the construction of the above-mentioned bridge at a cost of $197,362.25; that he furnished the required bonds; that due to differences which arose between him and the Commissioner of the Interior and which he details and characterizes as violations of the contract, the petitioner formally advised that officer, on December 22, 1942, that he had stopped the work; that the commissioner made demand upon him for the resumption of the work within a period of five days, and that upon the expiration thereof the commissioner proceeded to take charge of the work and to continue the same for account of the petitioner, by seizing all the materials and goods stored at the site of the work and by proceeding unilaterally to appoint, employ, and pay, for account of the petitioner, an unjustifiable number of employees and to incur in other arbitrary and abusive expenses, not only on said work, but also on another adjacent work contracted for, charging the cost thereof to the petitioner; that the commissioner has refused to make a liquidatoin of such property and of the work already done so as to determine

threfrom what portions of the work have been done by the petitioner and the commissioner, respectively, as well as how much money should be lawfully expended for the continuation of the work for account of the petitioner and his sureties. The petitioner alleged that, based on the fact that those acts of the commissioner were illegal, arbitrary, and inequitable and in violation of the law and of the contract, and that if the commissioner were not restrained from carrying out his threats, the petitioner would suffer damages for various reasons which he sets forth, he had filed in the District Court of San Juan a verified petition for an injunction "not for the purpose of preventing that the work be continued . . . but that it be continued . . . for the account of the contractor and without a previous liquidation of said work and materials . . . "; that after said petition had been answered and a hearing held, the lower court, on October 25, 1943, entered an order denying a petition for a preliminary injunction and setting aside the restraining order which it had previously issued; that the contractor appealed from said order to this Supreme Court, and it is in aid of our appellate jurisdiction that he has filed the present petition, alleging that the legal questions involved in the litigation justify the same. He states that the whole controversy hinges upon the right claimed by the Commissioner of the Interior, and denied by the petitioner, to act in the exercise of the extraordinary and drastic powers granted to him by clause 7 of the contract entered into between the parties, which clause, the petitioner maintains, is null and *ultra vires* because the terms which the contracts for insular public works must contain are fixed by law; and that in the event that said clause should be held valid, the same has no application to the present case for various reasons which he sets forth.

We issued a rule directed to the defendants to show cause why the writ sought should not be issued. On the day set for the hearing, the defendants filed an answer in which they

denied the essential averments of the petition, and the parties proceeded to argue the case.

In view of the statements contained in the answer, of the manner in which the arguments developed, and of the admissions made by counsel as a result of certain questions asked by the members of this court, the parties agreed to attempt to reach an agreement and sign and submit to the court a stipulation which would be drafted by the petitioner and which would serve as a basis for issuing the injunction order sought, and in the event that the defendants should not agree to the terms of the stipulation, they would file their objections to the same. The latter is what happened.

We have before us the stipulation prepared by counsel for the petitioner and the objections filed by the attorneys for the defendants. Really the points of difference are trivial. It seems that the use of the word "liquidation" by the petitioner was the unsurmountable obstacle to the defendants signing the stipulation, despite the fact that they admit that there should be made "a survey, measurement of the cubic content (*cubicación*) and appraisal" of the work done and an inventory of the materials gathered by the contractor. At the hearing the petitioner admitted that by the use of the word "liquidation" he did not seek to be paid now for the work done or for the materials stored by him, but he insisted that he did have a right to know the value of both. As to this point, we fail to understand the attitude of the defendants and the restricted application which they seek to give to the term "appraisal." In the first paragraph of their statement of objections they say that they are ready to proceed in agreement with the petitioner to make "a survey, measurement of the cubic content, and appraisal" of the work done, but they are willing only to take "an inventory of the material gathered." In their answer they stated that they had never refused to furnish the petitioner with "an estimate of the construction work and of the material stored

at the site thereof," and at the hearing their counsel admitted that they were ready to make the appraisal but not to effect any payment at all. We are of the opinion that, in accordance with the facts alleged in the petition, the admissions contained in the answer, and the legal questions involved in this case, the petitioner is entitled to know the value of the work done by him as well as that of the materials gathered in connection with the contract before the defendants can proceed further with the work for and on account of the petitioner.

The parties have also stipulated, with slight differences, that the petitioner shall have the right to appoint a representative to observe (but not to investigate) the manner in which the work shall be completed by the defendants, and that the petitioner is to notify the Commissioner of the Interior, whenever he objects to any expense or any action on the part of the persons in charge of the completion of the work. The defendants are likewise ready to deliver to the representative of the contractor copies of the invoices covering the purchase of materials, and a copy of each pay roll used.

In view of the attendant circumstances and of the importance of the legal questions involved in the appeal in the main action, it is therefore proper to grant the petition in this case and to issue a writ of injunction, in aid of our appellate jurisdiction, directed to the defendants commanding them that, during the pendency and until a determination by this Supreme Court of the appeal taken in injunction case No. 42,647 of the District Court of San Juan, *Tomás Carro v. Sergio Cuevas Bustamante et al.,* the defendants, acting by themselves or through their agents, employees, or subordinates, or through any other person whatsoever, refrain from proceeding further with the construction work on the bridge over the Río Grande De Añasco for account of the

petitioner Tomás Carro, unless said defendants comply with the following conditions:

1. The defendants and the petitioner shall, within a period of 5 days, jointly proceed to make an estimate of the work done and of the materials gathered by the petitioner up to the time when the defendants took charge of the work, said estimate to include a survey, measurement of the cubic content, and appraisal of the work and materials in accordance with the terms of the contract and the plans for the project, and likewise a measurement of the cubic content and appraisal of the earth placed on the embankments by the petitioner, in accordance with the usual technical procedure, and these data are to be gathered in the presence of the petitioner or his representative; and

2. The petitioner Tomás Carro shall have the right to appoint a representative to observe the manner in which the work will be continued by the defendants, which representative shall be entitled to be present at the site of the work for as long as it may be necessary during the progress of such work, and to report in writing to the Commissioner of the Interior regarding any action on the part of the persons in charge of the completion of the work, or regarding any expense, of which he may not approve;

3. The defendants shall deliver to the representative of the petitioner, immediately after each purchase of materials, copies of the invoices, and shall also deliver a copy of each pay roll.

The petitioner shall furnish a bond for the sum of $1,000 to answer for any damages which may be caused to the defendants in the event that the case should be finally decided against the petitioner.

The secretary shall issue the proper writ of injunction, subject to the conditions above set forth.